IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

JUL 26 2022

Clerk, U.S. District Court
By _____ Deputy Clerk

Todd Gragg )
621 VALE ST )
Kansas City, KS 66103 )
(Enter above the full name of the Plaintiff(s)) )
 )
vs. )
MAKIMUS K.C. )
Name )
626 MINNESOTA AVE )
Street and number )
KANSAS City KS 66101 )
City       State       ZipCode )

Case Number  2:22-CV-2292-JWB-TJJ

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

**CIVIL COMPLAINT**

I.    Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the
second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

A.    Name of plaintiff  Todd Gragg

Address  621 VALE ST

KANSAS City KS 66103

1

1. Derek Schmidt
120 S.W. 10TH AVE 2nd Floor
Topeka KS 66612

2. Maximus K.C.
626 Minnesota Ave
Kansas City KS 66101

3. Court Clerk (Kristi Hill)
710 N. 7TH ST 3rd Floor
Kansas City KS 66101

4. James P. Blomberg
710 N. 7TH ST
Kansas City KS 66101 (Hearing Officer Div 18)

5. Daniel Soptic
710 N. 7TH ST (Sheriff)
Kansas City KS 66101

6. William Mahoney
710 N 7TH ST (Judge)
Kansas City KS 66101

7. Veritas H.H.S.
1120 Lincoln St Suite 1300
Denver Colorado 80203

8. Laura Kelly
State House
300 S.W. 10TH AVE
Topeka KS 66612

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B.   Defendant _JAMES P. Blomberg_ is

employed at _Wyandotte County Court_

_710 N 7th ST  KANSAS City, KS 66101_

C.   Additional Defendants _ON bACK OF FRONT PAGE_

_____

_____

II.   Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A.  (If Applicable) Diversity of citizenship and amount:

    1.    Plaintiff is a citizen of the State of _KANSAS_.

    2.    The first-named defendant above is either

        a.    a citizen of the State of _KANSAS_ ; or

        b.    a corporation incorporated under the laws of the State of _KANSAS_ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

    3. The second-named defendant above is either

        a.    a citizen of the State of _KANSAS_ ; or

        b.    a corporation incorporated under the laws of the State of _Colorado_ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for each additional defendant on a separate page and attach it to this complaint.)
Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B.     (If applicable)   Jurisdiction founded on grounds other than diversity
(Check any of the following which apply to this case).

☑  1.     This case arises under the following section of the Constitution of
the United States or statute of the United States (28 U.S.C. §1331):
Constitution, Article_____, Section_____;
Statute, US Code, Title _42_, Section _1983_

☐  2.     This case arises because of violation of the civil or equal rights,
privileges, or immunities accorded to citizens of, or persons within
the jurisdiction of, the United States (28 U.S.C. §1343).

☐  3.     Other grounds (specify and state any statute which gives rise to such
grounds):

_____

_____

_____

_____

III.    Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to
relief.   State what each defendant did that violated the right(s) of the plaintiff, including
dates and places of such conduct by the defendant(s).   Do not set forth legal arguments.
If you intend to allege more than one claim, number and set forth each claim in a separate
paragraph.   Attach an additional sheet, if necessary, to set forth a short and plain statement
of the claim[s].)

_____See   Complaint_____

_____

_____

_____

_____

IV.    Relief:

(State briefly exactly what judgement or relief you want from the Court.   Do not make
legal arguments.)

3

_51,000,000_

V.   Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Yes ☒   No ☐

VI.   Do you claim actual damages for the acts alleged in your complaint?
Yes ☒   No ☐

VII.   Do you claim punitive monetary damages?   Yes ☒   No ☐

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

_See Complaint_

VIII.   Administrative Procedures:

A.      Have the claims which you make in this civil action been presented through
any type of Administrative Procedure within any government agency?
Yes ☒   No ☐

B.      If you answered yes, give the date your claims were presented,
how they were presented, and the result of that procedure:

_____

_____
See    Complaint

_____

C.      If you answered no, give the reasons, if any, why the claims made in this
action have not been presented through Administrative Procedures:

_____

_____

_____

IX.     Related Litigation:

Please mark the statement that pertains to this case:

☐       This cause, or a substantially equivalent complaint, was previously filed in
this court as case number WVOL-DM298 and assigned to the Honorable
Judge _William Mahoney_

☒       Neither this cause, nor a substantially equivalent complaint, previously has
been filed in this court, and therefore this case may be opened as an original
proceeding.

_____
Signature of Plaintiff

Todd Gragg
_____
Name (Print or Type)

621 Vale St
_____
Address

Kansas City KS
66183

| City | State | Zip Code |

913-980-0301
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { ☐ Wichita, ☒ Kansas City , or ☐ Topeka} , Kansas as the
(Select One)

location for the trial in this matter.

_Todd Gragg_
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { ☒ Yes or ☐ No }
(Select One)

_Todd Gragg_
Signature of Plaintiff

Dated: 7-25-2022
(Rev. 10/15)

6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TODD GRAGG | Case No. WY 2006-DM-002987 |
| Plaintiff, | CSS # 0000299442 |
| vs | **COMPLAINT** |
| Child Support Staff, in their official and individual Capacity | **JURY TRIAL DEMANDED** |
| Defendant(s) | |

### INTRODUCTION

**1.** Plaintiff, TODD GRAGG herein provides the Court this verified COMPLAINT under the 1st, 4th, 5th, 6th, 7th, 8th, and 14th Amendments; and further under 15 U.S.C. § 645; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; 31 U.S.C. § 3720D; and 42 U.S.C. § 1983.

**2.** This is an action for relief from violations by Defendant CHILD SUPPORT STAFF of the right of TODD GRAGG to be free from deprivation life, liberty, and property without affording due process and equal protection of the laws.

**3.** Defendant, conspired to subject Plaintiff to the unlawful employment practice of forcing him, as a condition of his employment, to participate in and enforce a company requirement work-performance contract through wage garnishments in exchange for his labor, as a means of enrichment for Defendants, and repayment of two [2] separate accounts of debt alleged by Defendants without affording due process and equal protection of the laws. ["Company Requirement"]

## JURISDICTION AND VENUE

**4.** This Court has jurisdiction over the subject matter and parties under 28 U.S.C. § 1331, as this case involves questions of federal law. This Court has jurisdiction under 28 U.S.C. § 1332 because there is a diversity of citizenship. This Court also has jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks damages for violation of his civil rights.

**5.** Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all of the events giving rise to this action occurred in this District.

## NATURE OF THIS ACTION

**6**. Plaintiff brings this an action under the 1st, 4th, 5th, 6th, 7th, 8th, and 14th Amendments; 15 U.S.C. § 645; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; 31 U.S.C. § 3720D; and 42 U.S.C. § 1983.

**7.** Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, unpaid wages, and penalties, and his reasonable litigation expenses as remedies for Defendants' violations of his Federal and KANSAS statutory as well as common law rights.

## PARTIES

**8.** Plaintiff, at all times mentioned in this Complaint, resides in the State of KANSAS.

**9.** Upon information and belief, Defendant is at all times relevant herein, a KANSAS corporation with its principal place of business in KANSAS CITY ,KANSAS.

**10.** Upon information and belief, Defendants are at all times relevant herein, citizens of the State of KANSAS.

## STATEMENT OF FACTS

**11.** Neither withholding order contains a signature of a judicial officer, date of signature, or name of an actual judicial officer as are titled as "Child Support Representative"; making the documents fraudulent, incomplete, and invalid.

**12.** Plaintiff provided Defendant via mail "**NOTICE OF INTENT TO SUE**". [**Exhibit will be**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**13.** Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FIRST COUNT FOR RELIEF
### Deprivation of 1st Amendment Rights

**14.** The 1st Amendment provides, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

**15.** Defendant Defendant conspired with to abridge Plaintiff's rights to freedom of speech, and petition the Court regarding the alleged debts, by enforcing an alleged Company Requirement.

**16.** Management level employees knew or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

**17.** Defendant did not exercise reasonable care to prevent an abridgment of Plaintiff's rights to freedom of speech and petition the Court, and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**18.** As a direct, legal, and proximate result of this abridgment of 1st Amendment rights, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**19.** Defendant  unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from an abridgment of 1st Amendment rights.

**20.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## SECOND COUNT FOR RELIEF
### Deprivation of 4th Amendment Rights

21. The 4th Amendment provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

22. Defendant conspired with to seize Plaintiff's papers without a warrant supported by proper judicial affirmation, by enforcing an alleged Company Requirement.

23. Management level employees knew or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

24. Defendant did not exercise reasonable care to prevent seizing Plaintiff's papers without a warrant supported by proper judicial affirmation and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

25. As a direct, legal, and proximate result of this abridgment of 4th Amendment rights, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

26. Defendant, unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from an abridgment of 4th Amendment rights.

27. Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

### THIRD COUNT FOR RELIEF
### Deprivation of 5th and 14th Amendment Rights

28. The 5th Amendment provides, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger;

nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**29.** The 14th Amendment provides, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**30.** Defendant conspired with to deprive Plaintiff of life, liberty, and property, without due process of law and equal protection of the laws, by enforcing an alleged Company Requirement.

**31.** Management level employees knew or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

**32.** Defendant Defendant, did not exercise reasonable care to prevent depriving Plaintiff of life, liberty, and property, without due process of law and equal protection of the laws, and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**33.** As a direct, legal, and proximate result of this abridgment of 5th and 14th Amendment rights, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**34.** Defendant Defendant, unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from an abridgment of 5th and 14th Amendment rights.

**35.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

### FOURTH COUNT FOR RELIEF
#### Deprivation of 6th and 7th Amendment Rights

**36.** The 6th Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

**37.** The 7th Amendment provides, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

**38.** Defendant conspired with to deprive Plaintiff of his right to a trial by jury by enforcing an alleged Company Requirement.

**39.** Management level employees knew or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

**40.** Defendant did not exercise reasonable care to prevent deprivation of Plaintiff's right to a trial by jury and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**41.** As a direct, legal, and proximate result of this abridgment of 6th and 7th Amendment rights, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**42.** Defendant unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from an abridgment of 6th and 7th Amendment rights.

**43.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## FIFTH COUNT FOR RELIEF
### Deprivation of 8th Amendment Rights

**44.** The 8th Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

**45.** Defendant conspired with to subject Plaintiff to excessive fines, by enforcing an alleged Company Requirement.

**46.** Management level employees knew or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

**47.** Defendant Defendant, did not exercise reasonable care to prevent subjecting Plaintiff to excessive fines and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**48.** As a direct, legal, and proximate result of this abridgment of 8th Amendment rights, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**49.** Defendant unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from an abridgment of 8th Amendment rights.

**50.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## SIXTH COUNT FOR RELIEF
### Proceeding With Fraudulent Statements Under 15 U.S.C. § 645

**51.** 15 U.S.C. § 645 provides, "Whoever makes any statement knowing it to be false, or whoever willfully overvalues any security, for the purpose of obtaining for himself or for any applicant any loan, or extension thereof by renewal, deferment of action, or otherwise, or the acceptance, release, or substitution of security therefor, or for the purpose of influencing in any way the action of the Administration, or for the purpose of obtaining money, property, or anything of value, under this chapter, shall be punished by a fine of not more than $5,000 or by imprisonment for not more than two years, or both."

**52.** Defendant conspired with to subject Plaintiff to false statements made against him for the purpose of obtaining money, property, or anything of value, by enforcing an alleged Company Requirement.

**53.** Management level employees knew, or should have known, of the Company Requirement and the abridgment upon Plaintiff's rights in relation thereto.

**54.** Defendant did not exercise reasonable care to prevent subjecting Plaintiff to false statements made against him and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**55.** As a direct, legal, and proximate result of this abridgment of Plaintiff's right to be free from false statements made against him, he has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**56.** Defendant unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from false statements made against him for the purpose of obtaining money and/or property.

**57.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## SEVENTH COUNT FOR RELIEF
### Conspiracy Against Rights Under 18 U.S.C. § 241

**58.** 18 U.S.C. § 241 provides, "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or ... If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured- ... They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be

fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death."

**59.** Defendants conspired to injure Plaintiff's right to free exercise and enjoyment of liberties afforded to him under the Constitution, by enforcing an alleged Company Requirement and Policy.

**60.** Management level employees knew or should have known, of the Company Requirement and Policy, and the abridgment upon Plaintiff's rights in relation thereto.

**61.** Defendants did not exercise reasonable care to prevent an injury of Plaintiff's right to free exercise and enjoyment of liberties afforded to him under the Constitution and did not exercise reasonable care to rescind the Company Requirement or Policy, even after Plaintiff's repeated opposition to it.

**62.** As a direct, legal, and proximate result of this injury of Plaintiff's right to free exercise and enjoyment of liberties afforded to him under the Constitution, he has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**63.** Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to free exercise and enjoyment of liberties afforded to him under the Constitution.

**64.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

### <u>EIGHTH COUNT FOR RELIEF</u>
**Deprivation of Rights Under Color of Law Under 18 U.S.C. § 242**

**65.** 18 U.S.C. § 242 provides, "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or

District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

**66.** Defendants conspired to subject Plaintiff to a deprivation of rights, and privileges protected and secured by the Constitution, by enforcing an alleged Company Requirement and Policy.

**67.** Management level employees knew or should have known, of the Company Requirement and Policy, and the abridgment upon Plaintiff's rights in relation thereto.

**68.** Defendants did not exercise reasonable care to prevent subjecting Plaintiff to a deprivation of rights, and privileges protected and secured by the Constitution, and did not exercise reasonable care to rescind the Company Requirement or Policy, even after Plaintiff's repeated opposition to it.

**69.** As a direct, legal, and proximate result of subjecting Plaintiff to a deprivation of rights, and privileges protected and secured by the Constitution, he has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**70.** Defendants unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to free exercise and enjoyment of rights, and privileges protected and secured by the Constitution.

**71.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## NINTH COUNT FOR RELIEF
### Deprivation of Federally Protected Activities Under 18 U.S.C. § 245

**72.** 18 U.S.C. § 245 provides, "(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with- … (B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; … or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate- … shall be fined under this title, or imprisoned not more than one year, or both …"

**73.** Defendants conspired to injure Plaintiff's right to participate in and enjoy privileges provided by the United States, by enforcing an alleged Company Requirement and Policy.

**74.** Management level employees knew or should have known, of the Company Requirement and Policy, and the abridgment upon Plaintiff's rights in relation thereto.

**75.** Defendants did not exercise reasonable care to prevent injuring Plaintiff's right to participate in and enjoy privileges provided by the United States and did not exercise reasonable care to rescind the Company Requirement or Policy, even after Plaintiff's repeated opposition to it.

**76.** As a direct, legal, and proximate result of injuring Plaintiff's right to participate in and enjoy privileges provided by the United States, he has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**77.** Defendants unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to participate in and enjoy privileges provided by the United States.

**78.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

**TENTH COUNT FOR RELIEF**
**Violation of Garnishment Law Under 31 U.S.C. § 3720D**

**79.** 31 U.S.C. § 3720D provides, "(b) In carrying out any garnishment of disposable pay of an individual under subsection (a), the head of an executive, judicial, or legislative agency shall comply with the following requirements: (1) The amount deducted under this section for any pay period may not exceed 15 percent of disposable pay, except that a greater percentage may be deducted with the written consent of the individual. (2) The individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the head of the executive, judicial, or legislative agency, informing the individual of— … (A) the nature and amount of the debt to be collected; (B) the intention of the agency to initiate proceedings to collect the debt through deductions from pay; and (C) an explanation of the rights of the individual under this section. … (3) The individual shall be provided an opportunity to inspect and copy records relating to the debt. … (4) The individual shall be provided an opportunity to enter into a written agreement with the executive, judicial, or legislative agency, under terms agreeable to the head of the agency, to establish a schedule for repayment of the debt. … (5) The individual shall be provided an opportunity for a hearing in accordance with subsection (c) on the determination of the head of the executive, judicial, or legislative agency concerning— (A) the existence or the amount of the debt, and (B) in the case of an individual whose repayment schedule is established other than by a written

agreement pursuant to paragraph (4), the terms of the repayment schedule. … (6) If the individual has been reemployed within 12 months after having been involuntarily separated from employment, no amount may be deducted from the disposable pay of the individual until the individual has been reemployed continuously for at least 12 months. … (e) … (1) An employer may not discharge from employment, refuse to employ, or take disciplinary action against an individual subject to wage withholding in accordance with this section by reason of the fact that the individual's wages have been subject to garnishment under this section, and such individual may sue in a State or Federal court of competent jurisdiction any employer who takes such action."

**80.** Defendant conspired to injure Plaintiff's rights to: enter into an agreement regarding the debts; inspect the validity of the documents relating to the debts; request a hearing regarding the debts; be continuously employed for at least twelve [12] consecutive months before deducting his disposable pay; and avoid termination of employment, by enforcing an alleged Company Requirement.

**81.** Management level employees knew or should have known, of the Company Requirement, and the abridgment upon Plaintiff's rights in relation thereto.

**82.** Defendant did not exercise reasonable care to prevent injuring Plaintiff's rights to: enter into an agreement regarding the debts; inspect the validity of the documents relating to the debts; request a hearing regarding the debts; be continuously employed for at least twelve [12] consecutive months before deducting his disposable pay; and avoid termination of employment, and did not exercise reasonable care to rescind the Company Requirement, even after Plaintiff's repeated opposition to it.

**83.** As a direct, legal, and proximate result of injuring Plaintiff's rights to: enter into an

agreement regarding the debts; inspect the validity of the documents relating to the debts; request

a hearing regarding the debts; be continuously employed for at least twelve [12] consecutive

months before deducting his disposable pay; and avoid termination of employment, he has

sustained economic and emotional injuries, resulting in damages in an amount to be proven at

trial.

**84.** Defendant unlawful actions were intentional, willful, malicious, and/or done with reckless

disregard to Plaintiff's rights to: enter into an agreement regarding the debts; inspect the validity

of the documents relating to the debts; request a hearing regarding the debts; be continuously

employed for at least twelve [12] consecutive months before deducting his disposable pay; and

avoid termination of employment.

**85.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation

fees and costs of suit.

### ELEVENTH COUNT FOR RELIEF
**Deprivation of Civil Rights Under 42 U.S.C. § 1983**

**86.** 42 U.S.C. § 1983 provides, "Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress, except that in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable. For the purposes of this

section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

**87.** Defendants conspired to subject Plaintiff to a deprivation of rights and privileges secured under the Constitution, by enforcing an alleged Company Requirement and Policy.

**88.** Management level employees knew or should have known, of the Company Requirement and Policy, and the abridgment upon Plaintiff's rights in relation thereto.

**89.** Defendants did not exercise reasonable care to prevent subjecting Plaintiff to a deprivation of rights and privileges secured under the Constitution and did not exercise reasonable care to rescind the Company Requirement and Policy, even after Plaintiff's repeated opposition to it.

**90.** As a direct, legal, and proximate result of subjecting Plaintiff to a deprivation of rights and privileges secured under the Constitution, he has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

**91.** Defendants unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to enjoy privileges and immunities secured under the Constitution.

**92.** Plaintiff is entitled to all relief mentioned above and not limited to his reasonable litigation fees and costs of suit.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests:

**93.** Compensatory damages in the amount of $51,000,000.00; punitive damages in the amount of $51,000,000.00; special damages in the amount of $500,000.00; relief under 42 U.S.C. §1983.

**94.** Any further relief which the court may deem appropriate.

## **DEMAND FOR TRIAL BY JURY**

**95.** I, hereby request a trial by jury on all issues raised herein.

Dated: _7-26-2022_

_Todd, Gragg_

By: _Todd Gragg_

Plaintiff in Pro Per