## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TODD GRAGG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 22-2292-JWB-TJJ** |
| | ) |
| | ) |
| **MAXIMUS, KC, et al.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT SOPTIC'S MEMORANDUM
## IN SUPPORT OF HIS MOTION TO DISMISS

### I.        Introduction

Plaintiff Todd Gragg's Complaint against Defendant Daniel Soptic (hereinafter referred to as Soptic), who is the duly elected Sheriff of Wyandotte County, offers no factual allegations against Defendant Soptic to support a cause of action against him, either in his official capacity or individually.  The crux of his complaint concerns child support collections, contain a barrage of legal conclusions, and refers to defendants collectively rather than to state the particulars in reference to each.  This case is has been filed as a §1983 action, but the averments in the Complaint, even if true, fail to state a claim upon which relief can be granted.  Plaintiff should not be allowed to amend because no amendment will be able to cure its deficiencies.

## II.     Governing Standard:  Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court must dismiss any claim that fails to state a plausible claim. Soptic is entitled to such relief because the Complaint fails to satisfy this standard.

In order to state a claim, a Complaint must contain factual assertions describing the grounds entitling this plaintiff to relief from the named Defendant. See Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit, in *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011), identified the two "working principles" that underlie the *Twombly* standard. See also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, this Court ignores legal conclusions, labels, and a formulaic recitation of the elements. See 656 F.3d at 1214. Second, a plaintiff must allege facts that make his or her claim plausible: "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" Id. (citing Twombly).

The factual allegations must be enough to "nudge" the claim across the line from conceivable to plausible. See, e.g., *Ridge At Red Hawk*, *L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In other words, the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

Plausibility, like most things in life, depends upon the context. See *Kansas Penn*, 656 F.3d at 1215. For example, a simple auto accident negligence case requires little

more than an allegation that "the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). On the other hand, a complaint asserting constitutional claims against a host of state officials clothed with immunities requires more. See *Kansas Penn*, 656 F.3d at 1215. Such a complaint must contain facts sufficient to show (assuming they are true) that the defendants plausibly violated [his or her] constitutional rights, and that those rights were clearly established at the time." *Robbins*, 519 at 1249. Doing so requires the Section 1983 plaintiff to "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250.

Scrupulous adherence to the pleading standard of *Twombly, Robbins*, and *Kansas Penn* delivers upon the promise of a just, speedy, and inexpensive determination of claims set forth in Federal Rule of Civil Procedure 1. It ensures that the defendants are placed on notice of their alleged misconduct and can prepare an appropriate defense. See *Kansas Penn*, 656 F.3d at 1215. It also permits the termination of meritless claims before "ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." Id. (internal quotations and citations omitted).

## III.  WYSO is Immune From Suit in Federal Court Under the 11th Amendment

Aside from the absolute failure of Plaintiff to provide any concrete factual basis for his claims against Soptic, the Sheriff is entitled to immunity under The Eleventh Amendment which provides immunity to unconsenting states and those acting on their

behalf from federal suits for money damages. U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

The Tenth Circuit and a number of courts in the District of Kansas have held that Kansas Sheriffs act on behalf of the state and are therefore immune from suit in Federal court. *See Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007); *Broyles v. Marks*, No. 18-3030-SAC, 2018 WL 2321822, at *4 (D. Kan. May 22, 2018); *Self v. Cnty. of Greenwood*, No. 12-1317-JTM, 2013 WL 615652, at *2 (D. Kan. Feb. 19, 2013); *Brown v. Kochanowski*, No. 07-3062-SAC, 2012 WL 4127959, at *9 n.3 (D. Kan. Sept. 19, 2012), *aff'd* 513 F. App'x 715 (10th Cir. 2013).

In *Myers v. Brewer*, Case No. 17-2682 (D. Kan. Jun. 27, 2018), a case out of this very Court, held that a Sheriff in Kansas is entitled to Eleventh immunity as a state actor. "First, the Kansas legislature created the office of the Sheriff. Kan. Stat. Ann. § 19-801a. Sheriffs in Kansas are required—by statute, "to keep and preserve the peace in their respective counties, and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections, for which purpose, and for the service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace, they, and every coroner, may call to their aid such person or persons of their county as they may deem necessary." See also Kan. Stat. Ann. § 19-813.

Second, "the County Board of Commissioners, lacks authority to determine how a county Sheriff chooses his employees or expends budgeted funds". *Bd. of Cnty. Comm'rs v. Nielander*, 62 P.3d 247, 251 (Kan. 2003). "County sheriffs are not subject to local control. Rather, the Sheriff is an independently elected officer whose office,

duties, and authorities are established and delegated by the legislature." The Sheriff is not a subordinate of the local government and neither are the Undersheriff or the Sheriff's Deputies and assistants. Rather, the Sheriff is a state officer whose duties, powers, and obligations derive directly from the legislature and are coextensive with the County government. *Myers v. Brewer*, Case No. 17-2682 (D. Kan. Jun. 27, 2018)

## VI.  Plaintiff Should Not Be Allowed to Amend

Defendant joins in the other State Defendants' in asserting that Plaintiff should not be allowed to amend and concurs with the authorities stated therein on this premise. "A court may outright dismiss a pro se complaint if "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give [her] an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (*citing Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).

No amendment could cure the deficits in Gragg's Complaint because his grievance relates to child support collection efforts. As such, Defendant Soptic would have no personal involvement, and be entitled to 11th Amendment Immunity.

## V.  CONCLUSION

Plaintiff's claims against the Defendant Daniel Soptic should be dismissed outright because the Sheriff, as an actor for the State of Kansas, is immune from suit in Federal Court. In addition, Plaintiff has stated no facts to support a claim against Soptic individually or in his official capacity.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day September, 2022, the above and foregoing was filed with the clerk of the court by using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered and a copy by U.S. mail was sent to the following:

Todd Gragg
621 Vale Street
Kansas City, KS  66103
Plaintiff, Pro Se

/s/_____Joni Cole_____
**Joni Cole, KBN 24798**