IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TODD GRAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-2292-JWB-TJJ |
| ) | |
| MAXIMUS, K.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS

Plaintiff Todd Gragg, proceeding *pro se*, has filed his Complaint (ECF No. 1) alleging violations of various Constitutional amendments and federal statutes, purportedly related to the collection of child support. This matter is before the Court on the respective Motions to Stay Discovery (ECF Nos. 17, 20, and 24) filed by the State Defendants,[1] defendant Veritas HHS, and defendant Maximus, LLC (collectively referred to herein as the "Moving Defendants"). Moving Defendants request an order staying discovery and the parties' Rule 16 and 26 requirements until the Court rules on the four pending motions to dismiss. Plaintiff did not file any response in opposition to the motions to stay discovery and the deadlines for filing such responses has expired. Plaintiff did file a "Notice of Motion Objection" (ECF No. 21) to the motions to dismiss, but there is no indication in that document that Plaintiff opposes the motions to stay discovery.

---

[1] The "State Defendants" are Derek Schmidt, Kansas Attorney General; Wyandotte County District Court; James P. Blomberg, Hearing Officer, Wyandotte County District Court, Div. 18; William Mahoney, District Judge, Wyandotte County District Court, Div. 18; and Laura Kelly, Kansas Governor.

**I.       Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2]  The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Thus, the longstanding "general policy in this district is not to stay discovery even though dispositive motions are pending."[4]

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[5]  A stay pending a ruling on a dispositive motion is appropriate if the case is likely to be finally concluded by a ruling on the dispositive motion, the facts sought through remaining discovery would not affect the ruling on the dispositive motion, or discovery on all issues in the complaint would be wasteful and burdensome.[6] A stay may also be appropriate if the party requesting the stay has

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).  *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022).

[5] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

asserted absolute or qualified immunity in its dispositive motion.[7] "The proponent of a stay bears the burden of establishing its need."[8]

## II.     A Stay During the Pendency of Defendants' Motion to Dismiss is Appropriate in this Case

As noted above, a stay of discovery and other pretrial proceedings during the pendency of dispositive motions is appropriate when at least one of the following three factors is present: (1) the case is likely to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome. In support of their motions to stay, the State Defendants and Defendant Maximus, LLC describe Plaintiff's complaint as citing a "laundry list" of Constitutional provisions and mostly inapplicable federal statutes and lacking any specific factual allegations against any defendant. They state Plaintiff is apparently suing over child support collections, but his Complaint fails to allege specifically what each defendant did or failed to do that violated his rights. They further argue no discovery is necessary to resolve the pending motions to dismiss because Plaintiff has failed to plead any facts on which to conduct discovery. Defendant Veritas HHS similarly argues the allegations in Plaintiff's complaint are vague, conclusory, unsupported, and consist of a list of Constitutional and mostly inapplicable statutes. It argues that if Plaintiff is challenging the Income Withholding Order process for child support collections, he has not alleged enough in his Complaint on which it can respond or even conduct discovery.

---

[7] *Behrens v. Pelletier*, 516 U.S. 299, 305–07 (1996) (holding that immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the . . . immunity question").

[8] *Clinton*, 520 U.S. at 708.

After reviewing the motions to dismiss, the Court concludes that a stay of pretrial proceedings and discovery—until the District Judge rules on the pending motions to dismiss—is appropriate. Moving Defendants have shown that, due to the noted deficiencies in Plaintiff's complaint, this case is likely to be finally concluded as to many, if not all, of the named defendants when a ruling is made on the pending motions to dismiss. Second, there is no indication that discovery is needed to respond to the motions to dismiss, in which Moving Defendants primarily argue Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) or certain defendants have absolute immunity. Third, even if the District Judge concludes in his ruling on the motions to dismiss that it would not be futile to permit Plaintiff to amend his Complaint, the Court finds that allowing discovery to proceed on Plaintiff's Complaint—in its current broad and vague form against all defendants—would be wasteful and burdensome. The Court concludes all three factors for staying discovery and pretrial proceeding are present here. Accordingly, a stay of discovery and pretrial proceeding until the pending motions to dismiss are ruled upon is appropriate.

**IT IS THEREFORE ORDERED** that the State Defendants' Motion to Stay Discovery (ECF No. 17), Veritas HHS' Motion to Stay Discovery (ECF No. 20), and Defendant Maximus, LLC-DFC Contractor for Child Support Services' Motion to Stay Discovery (ECF No. 24) are **GRANTED**. All discovery and Rule 26 obligations of the parties, including the obligation to hold a Rule 26(f) planning conference, provide Rule 26(a)(1) initial disclosures, prepare a proposed scheduling order, and attend a scheduling conference, are hereby stayed with respect to all parties until the District Judge rules on all the pending motions to dismiss (ECF Nos. 15, 18, 22, and 29).

**IT IS FURTHER ORDERED** that if any of the motions to dismiss are denied or any defendant remains in the case after the District Judge's ruling, counsel for the remaining defendant(s) shall email the chambers of the undersigned Magistrate Judge, **within seven (7) days of the ruling**, with suggested dates for the scheduling conference.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff at the address provided in his Complaint.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of October, 2022.

Teresa J. James
U. S. Magistrate Judge