IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD GRAGG,

          Plaintiff,

v.                                         Case No.  22-2292-JWB

MAXIMUS, KC[1], et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss and memoranda in support.  (Docs. 15, 16, 18, 19, 22, 23, 29, 30.)  The motions have been fully briefed and are ripe for decision.[2]  (Docs. 21, 25, 26, 27.)  For the reasons stated herein, Defendants' motions are GRANTED.

I.      **Background**

On July 26, 2022, Plaintiff filed a pro se complaint relating to a child support case in Wyandotte County, Kansas, that is assigned to the Honorable William Mahoney, a named Defendant in this case.  (Doc. 1 at 6.)  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and asserts that his rights under several constitutional amendments have been violated and that Defendants conspired to violate his rights.  Plaintiff further asserts violations of several criminal statutes and 31 U.S.C. § 3720D.  Plaintiff's allegations are almost entirely conclusory and difficult to ascertain.  It appears that Plaintiff has named as Defendants individuals and entities involved in his child support proceeding or collection of child support generally.

---

[1] It appears that the correct name for this entity is Maximus LLC.  (Doc. 22.)
[2] Plaintiff did not respond to the motions filed by Defendants Maximus and Soptic.  (Docs. 22, 29.)  The time for doing so, however, has now passed.

Plaintiff's complaint cites to that proceeding, filed as Case Number 2006-DM-2987 in Wyandotte County District Court. (Doc. 1 at 6.) A review of the docket sheet shows that an order for child support in the amount of $541 was entered in 2007. *See In re Gragg*, Case No. 2006-DM-2987 (Wyandotte County District Court). The docket sheet also reflects that the court entered a bench warrant for Plaintiff's arrest on October 4, 2021, and that warrant remains outstanding. Prior to the entry of the bench warrant, Plaintiff filed a motion challenging the jurisdiction of the state court with respect to the child support orders. The court held that it had personal and subject-matter jurisdiction over Plaintiff, denied the request to terminate the child support order, ordered the continued collection of monthly child support, and ordered the collection of $51,785.57 owed for arrears. (*Id.*, Doc. 647.)

Plaintiff's § 1983 complaint filed in this case includes a sheet identifying the following eight Defendants: Derek Schmidt, the Attorney General of Kansas; Maximus LLC, a contractor with the State of Kansas for child support services; Wyandotte County District Court; James Blomberg, a Wyandotte County Administrative Hearing Officer; Daniel Soptic, the Sheriff of Wyandotte County; Judge William Mahoney; Veritas H.H.S.; and Laura Kelly, the Governor of Kansas. (*Id.* at 2.) The complaint alleges that the "child support staff" deprived him of his right to be "free from deprivation [of] life, liberty, and property without affording due process and equal protection of the laws." (*Id.* at 8.) Plaintiff asserts that Defendants conspired to subject Plaintiff to wage garnishments for two debts without due process. Plaintiff further alleges that the child support withholding order was fraudulent because it failed to contain a "signature of a judicial officer, date of signature or name of an actual judicial officer." (*Id.* at 10.)

Throughout his complaint, Plaintiff refers to the enforcement of a "company requirement" and that "management level employees knew or should have known" that this requirement violated

2

Plaintiff's rights.  (Doc. 1 at 11, 12, 13, 15, 16, 17, 18, 19.)  Although not clear, it appears that the company policy was related to the garnishment of his wages.

Plaintiff asserts this court has jurisdiction under 28 U.S.C. § 1343 because he has alleged a violation of his civil rights and under § 1332 because the parties are diverse.  Plaintiff seeks $51 million in damages from Defendants and other relief.

All Defendants have moved for dismissal.  Maximus moves for dismissal on the basis that this court lacks subject matter jurisdiction over this matter and, in the alternative, that Plaintiff has failed to state a claim.  The remaining Defendants all move for dismissal on the basis that Plaintiff has failed to state a claim.

## II.    Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).  When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6).  *Bell v. Hood*, 327 U.S. 678, 682 (1946).  Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from

those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Given Plaintiff's pro se status, the court construes his pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

## III.   Analysis

The court finds that it lacks jurisdiction over this matter. Further, the court finds that the allegations fail to state any cognizable claim upon which relief can be granted.

Defendant Maximus moves for dismissal on the basis that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (internal citations and quotations omitted).

Here, Plaintiff is claiming injury from state court rulings in the child support action and is asking this court to change those rulings. Insofar as he complains that he was unfairly required to pay child support, asserts the state court child support order is void because it lacks a signature, seeks a refund of child support payments already made, or requests that the child support arrearages be eliminated, the claims all stem from the state court judgment obligating him to pay child

4

support.  The requested relief effectively asks the court to review and reject that judgment.  Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief.  *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec*., No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019).  The "federal district courts 'do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the United States Supreme] Court.'"  *Jackson,* 81 F. App'x at 285–86 (affirming dismissal of action challenging judgment regarding child support obligations) (quoting *Johnson v. Rodrigues*, 226 F.3d 1103, 1108 (10th Cir. 2000)).  Plaintiff's claims are "inextricably intertwined" with the state court decisions in his child support case because they "assert injuries based on the [state court decisions] and, for [him] to prevail, would require the district court to review and reject those [decisions]."  *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).  This deprives the court of subject matter jurisdiction over Plaintiff's claims because they either seek to overturn the state court decisions or pursue damages from these Defendants for actions taken in compliance with those decisions.

To the extent Plaintiff is seeking relief relating to an ongoing civil or administrative proceeding concerning payment of child support or the pending bench warrant for his arrest, as opposed to challenging the effects of a prior judgment, the court concludes the exercise of jurisdiction by this court is precluded by the *Younger* abstention doctrine.  Under that doctrine, a federal district court must abstain from hearing a federal case when: 1) a state criminal, civil, or administrative proceeding is pending; 2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and 3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated

state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted). Plaintiff's pleadings indicate that the child support proceeding is ongoing and the docket sheet further reflects that the proceeding is active with filings as recent as July. *See* Doc. 1 at 6; *In re Gragg*, Case No. 2006-DM-2987. The ongoing proceedings implicate important state interests. *See Johnson*, 2019 WL 1915563, at *3 (citing *Wideman v. Colorado,* 242 F. App'x 611, 614 (10th Cir. Oct. 1, 2007)). Moreover, Plaintiff has failed to allege or explain why he lacks an adequate forum in the state proceeding to raise his claims. *Id.* The court therefore concludes that it lacks subject matter jurisdiction to address Plaintiff's claims.

Further, even if this court had subject matter jurisdiction over this action, it would dismiss it because Plaintiff has failed to plausibly allege any claim against Defendants. With respect to the alleged constitutional violations, Section 1983 is the statute that provides a "remedy for constitutional violations committed by state officials." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). In order to state a claim against a public official, Plaintiff must plead that each Defendant, through their own actions, have violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Although Plaintiff alleges that Defendants have violated his constitutional rights and conspired to violate his constitutional rights, Plaintiff fails to allege sufficient facts to plausibly show a violation or a conspiracy by Defendants. Further, although Plaintiff identifies each Defendant in a list attached to his complaint, he fails to make any factual allegations regarding any Defendant. This is insufficient to state a claim under § 1983. *See Robbins*, 519 F.3d at 1250.

Plaintiff also asserts claims under several criminal statutes, but he has no standing to initiate a criminal action in federal court. *See Keyter v. 535 Members of 110th Congress,* 277 F. App'x 825, 827 (10th Cir. 2008) ("Keyter, a private citizen, has no standing to initiate federal criminal prosecutions."); *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)).

Finally, Plaintiff has asserted a claim against Defendants under 31 U.S.C. § 3720D.  (Doc. 1 at 22-24.)  That statute lays out the garnishment procedure to be followed by "the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States." § 3720D(a).  Even if an action may be brought under this statute, it only applies to garnishments to collect nontax debts owed to the *United States*. 31 U.S.C. 3720D(a).  Here, Plaintiff is seeking to recover allegedly improper wage garnishments for child support.  Therefore, the claim is subject to dismissal.

Defendants urge the court to dismiss this action instead of providing Plaintiff with an opportunity to amend his complaint.  Plaintiff has not sought leave to amend nor has he indicated in his response how he would correct the deficiencies raised by Defendants.  Under the circumstances addressed herein, the court concludes any attempt to cure these deficiencies by amendment would be futile. *Cf. Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir. 2001).

## IV.    Conclusion

Defendants' motions to dismiss (Docs. 15, 18, 22, 29) are GRANTED.  This action is dismissed for LACK OF JURISDICTION.

IT IS SO ORDERED.  Dated this 29th day of November, 2022.

        _s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE