IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD GRAGG,

          Plaintiff,

v.                                                            Case No. 22-2292-JWB

MAXIMUS, LLC, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for judgment as a matter of law and a request for findings of fact and conclusions of law. (Doc. 35.) Several Defendants oppose Plaintiff's motion. (Docs. 36, 37, 39.)[1] For the reasons stated herein, Plaintiff's motion is DENIED.

On July 26, 2022, Plaintiff filed a pro se complaint relating to a child support case in Wyandotte County, Kansas. (Doc. 1.) Plaintiff brought the action pursuant to 42 U.S.C. § 1983 asserting that his rights under several constitutional amendments were violated and that Defendants conspired to violate his rights. Plaintiff further asserted violations of several criminal statutes. Defendants moved to dismiss. On November 29, 2022, the court granted Defendants' motions finding that this court lacked subject matter jurisdiction. (Doc. 33.) The court entered judgment in favor of Defendants on that same date. (Doc. 34.) The order and separate judgment were mailed to Plaintiff at his address of record. (Docs. 33, 34.)

On January 19, 2023, Plaintiff filed a motion for judgment and requested that the court make findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 50. (Doc.

---

[1] Plaintiff did not file a reply brief and the time for doing so has now passed.

35.) Because Plaintiff is proceeding pro se, the court construes his filings liberally, but will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's motion is largely incoherent. Plaintiff cites to Rule 50 and asserts that all the evidence and testimony has been entered in this case and that he is entitled to judgment on the issue of punitive damages. (*Id.* at 6.) Plaintiff's motion makes no mention of this court's prior ruling. A motion under Rule 50 is inappropriate as the court has previously dismissed Plaintiff's complaint for lack of subject matter jurisdiction.

To the extent Plaintiff is seeking relief from judgment under Rule 60(b), his motion fails to provide a basis for the court to provide that relief. Rule 60(b) permits relief from a final judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect;" newly discovered evidence; fraud, "misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A party may not use Rule 60(b) to revisit the same issues already addressed. *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022). Liberally construed, Plaintiff's motion fails to raise any basis under Rule 60(b) that would support relief from the judgment entered in this case.

## Conclusion

Therefore, Plaintiff's motion (Doc. 35) is DENIED.

IT IS SO ORDERED. Dated this 14th day of February, 2023.

                                                              s/ John W. Broomes
                                                              JOHN W. BROOMES
                                                              UNITED STATES DISTRICT JUDGE